# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP, | CASE NO. 1:09-cv-00412-GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| JAMES A. YATES, et al., | (Doc. 1) |
| Defendants. | |

**Screening Order**

**I.    Screening Requirement**

Plaintiff Eric Charles Rodney K'napp, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California tort law on March 2, 2009.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.  Claims Brought for Violation of Section 1983

### A.  Linkage Requirement

Plaintiff, who is housed at the Sierra Conservation Center in Jamestown, brings this action for the violation of his rights under the United States Constitution. Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49.

In this instance, Plaintiff has not sufficiently linked the numerous defendants named in his complaint to any acts or omissions that purportedly led to the violation of those rights. For example, Plaintiff alleges that Defendants Collins, Delk, Grannis, Hickman, Negrete, Parks, Shannon, Tilton, Woodford, and Yates "refused or otherwise failed to take corrective action on Plaintiff's behalf despite possessing sufficient rank, responsibility, and opportunity to do so . . . ." (Doc. 1, Comp., court record p. 19, lns. 7-9.) Plaintiff further alleges that Defendants "personally participated in jointly and severally causing or allowing Plaintiff to suffer violations and deprivations of . . ." his rights. (Id., p. 19, lns. 12-14.)

These general assertions do not suffice to show that Plaintiff's constitutional rights were violated by these Defendants. Iqbal, 129 S.Ct. at 1949-50. Rather, despite Plaintiff's assertion to the contrary, it appears that Plaintiff is attempting to impose liability not on Defendants' personal involvement but because they hold positions of authority and/or because of their involvement in

reviewing appeals grieving misconduct, neither of which provides a basis for liability under section 1983. Iqbal at 1949 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Jones, 297 F.3d at 934; George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

Plaintiff will be permitted the opportunity to file an amended complaint clarifying the factual bases for his claims against each defendant. Plaintiff's amended complaint need not and should not be lengthy, Fed. R. Civ. P. 8(a)(2), but it must specify what each defendant did or did not do that led to the violation of Plaintiff's rights. Conclusory assertions of personal involvement or liability will not suffice. Iqbal at 1949-50.

### B.    Claims for Equitable Relief and Official Capacity Claims

In addition to money damages, Plaintiff seeks declaratory and injunctive relief, and asserts both individual and official capacity claims. Plaintiff is currently housed at the Sierra Conservation Center, and the past events at issue in this action occurred at Pleasant Valley State Prison. When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Based on the nature of the claims at issue in this action, which involve past conduct, Plaintiff is not entitled to either declaratory or injunctive relief, and is confined to seeking money damages for the violations of his federal rights.

///

Because this action may only proceed as one for money damages, Plaintiff's official capacity claims are precluded by "[t]he Eleventh Amendment[, which] bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).

### C.  Rule 18

Finally, Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

At this juncture, Plaintiff's claims are linked together by his attempt to impose liability on higher ranking prison officials, such as former Director Woodford, Warden Yates, and Inmate Appeals Branch Chief Grannis. However, that linkage will not withstand scrutiny in the next screening unless Plaintiff is able to show those defendants *personally* violated his rights. If those defendants are dismissed, Plaintiff will be left with unrelated claims and will not be permitted to proceed with a "mishmash of a complaint." Id. If Plaintiff's amended complaint fails to comply with Rule 18(a), the Court will choose which claims will proceed and will dismiss out all unrelated claims. Plaintiff will be better served if he, rather than the Court, scrutinizes his claims and complies with Rule 18 in amending.

### III.  Claims Brought for Violation of State Law

Plaintiff also alleges violations of California law. Plaintiff is informed that pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district

court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Court will only exercise supplemental jurisdiction over Plaintiff's state law claims if he is able to cure the deficiencies and state federal claims. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

Further, California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2009). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff's complaint contains no allegation of compliance with the California Tort Claims Act. Compliance with the prison's internal administrative procedure does not constitute compliance with the Tort Claims Act. If Plaintiff has not exhausted his state law claims, they should not be included in his amended complaint.

///
///
///

IV. **Conclusion and Order**

Plaintiff's complaint fails to state any claims upon which relief may be granted under section 1983. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, as previously set forth, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint is dismissed for failure to state any claims upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint, this action will be dismissed, with prejudice, for failure to state any claims under section 1983.

IT IS SO ORDERED.

**Dated:   July 27, 2009**                     **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE