# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ARLITZ, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO: 1:09-cv-00412-GBC (PC)<br><br>ORDER TO SHOW CAUSE REGARDING THREE STRIKES<br><br>(Doc. 5) |

### I.　Procedural History

Plaintiff Eric Charles Rodney K'napp, a state prisoner proceeding pro se and in forma pauperis ("IFP"), filed this civil rights action pursuant to 42 U.S.C. § 1983 and California tort law on March 2, 2009.  On March ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983. On May March 6, 2009, the Court granted Plaintiff's motion to proceed IFP.  (Doc. 5).

### II.　Three Strikes

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff filed three or more actions that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted.  Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis.  Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

Plaintiff demonstrates an abusive pattern of disregarding court instruction regarding complying with Rule 8 and Rule 18 of the Federal Rules of Civil Procedure by repeatedly filing actions that repeat long lists of unrelated events which often include conduct which is time-barred, claims on behalf of his mother and long lists of defendants.[2] After other courts have informed Plaintiff how to comply with Rule 8 and Rule 18 of the Federal Rules of Civil Procedure and warned Plaintiff that he cannot bring claims on behalf of his mother, he still persists to violate Rule 8 and Rule 18 and he still brings similar claims including claims on behalf of his mother in the instant case. After careful review of the dismissal orders, the Court finds the following cases count as strikes for being malicious and frivolous: 1) *Knapp v. Knowles, et al.*, No. 2:03-cv-00394-DFL-PAN (E.D. Cal. Aug. 13, 2004) (order of dismissal because amended complaint failed to state cognizable claims for relief under Federal Rule of Civil Procedure 8, and Plaintiff repeatedly disobeyed Court's orders to

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

[2] For example in: 1) *Knapp v. Cate*, 1:08-cv-01779-SMS (Doc. 18), (Doc. 22, ruling that Plaintiff cannot state a claim on his mother's behalf) (27, )(Doc. 33, "Despite Plaintiff's long-winded descriptions of his mother's political activities and his own litigation history, Plaintiff provides scant detail for the facts that are directly relevant to his claims. " and "Plaintiff is specially cautioned not to provide long-winded descriptions of his litigation history, his mother's history for advocating on behalf of prisoners, or his experiences at other prisons before he was transferred to SCC." ); 2) *Knapp v. Hickman*, 05-cv-2520-FCD-CMK (Doc. 224) (Doc. 190) (Docs. 79. 80) (Doc. 28 ". . . while it is laudable that plaintiff's mother started a group devoted to protecting the rights of prisoners, it is not germane to plaintiff's complaint. . . . Plaintiff should exclude from the complaint his editorial comments about the Department of Corrections, descriptions of the philanthropic works of his mother and the word-for-word details of his conversations with various defendants."); 3) *K'napp v. Adams*, 1:06-cv-01701-LJO (Doc. 23, "Plaintiff cannot pursue claims on his mother's behalf."); 4) *Knapp v. Tilton*, 08-cv-00719 (Doc. 3, "Like the complaints filed in his prior federal cases, the Complaint herein sets forth a litany of allegations against numerous prison officials regarding many of the incidents of prison life. . . .In particular, the 57-page Complaint sets forth 23 claims against 68 Defendants."); 5) *K'napp v. Knowles*, 06-cv-00453-GEB (Doc. 14, "Notwithstanding, plaintiff persists in attempting to bring allegations on behalf of "his associates" or on behalf of his mother, even though he was informed that he lacks standing to bring claims on behalf of third parties. . . . Plaintiff complains about a vast litany of discomforts and inconveniences . . . all without providing an adequate factual predicate, and without demonstrating that any of these actions, that is, those for which he might have standing, constitute a constitutional deprivation.").

1  amend complaint in compliance said rule); 2) *Knapp v. Knowles, et al.*, 2:06-cv-00453-GEB-GGH
2  (E.D. Cal. June 13, 2007) wherein the court noted that Plaintiff provided a detailed list of complaints
3  of conduct that happened since he was incarcerated in 1994 and found that Plaintiff's claims were
4  either frivolous or failed to state cognizable claims under section 1983 and dismissed the action with
5  prejudice for failing to comply with Rule 8 of the Federal Rules of Civil Procedure; and 3) *Knapp*
6  *v. Harrison*, 2:06-cv-07702-JVS -RC, (C.D. Cal September 12, 2008) (dismissal with prejudice for
7  repeated failure to comply with Rule 8, listing 43 causes of action stemming from "every perceived
8  wrong done to him while he was in custody," and Plaintiff repeatedly disobeyed Court's orders to
9  amend complaint in compliance said rule).

10           Generally, a dismissal for failure to prosecute does not fall within the plain language of
11  Section 1915(g).  However, a court is to carefully evaluate the substance of the dismissal and where
12  the merits of the claim have been determined to be frivolous or malicious, it may constitute as a
13  strike.  *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005); *see also O'Neal v. Price*, 531 F.3d
14  1146, 1152-53 (9th Cir. 2008) (interpreting the term "dismissed" under section 1915(g) to include
15  when a trial court denies request to file an action without prepayment of the filing fee on the ground
16  that complaint if frivolous and then subsequently terminates the complaint).  Moreover, section
17  1915(e)(2) requires appellate courts to dismiss all frivolous appeals.  28 U.S.C. 1915(e)(2); *see also*
18  *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *Thompson v. Drug Enforcement Admin.*, 492
19  F.3d 428, 436 (D.C. Cir. 2007).   The Court finds that the appellate case *K'napp v. Knowles, et al.*,
20  No. 04-16701 (9th Cir. dismissed March 7, 2005)[3] is a frivolous appeal and counts as a strike under
21  Section 1915(g).  In *Knowles*, in an order dated January 14, 2005, the appellate court denied
22  Plaintiff's motion to proceed in forma pauperis due to the appellate court's finding that the appeal
23  was frivolous.  On March 7, 2005, Plaintiff's appeal was dismissed for failure to prosecute.

24           It appears to the Court that Plaintiff has three or more strikes and became subject to section
25  1915(g) well before Plaintiff filed this action on March 2, 2009.  Therefore, the Court finds that
26  Plaintiff should be precluded from proceeding in forma pauperis unless he is, at the time the
27
28           [3] Appeal from *Knapp v. Knowles, et al.*, No. 2:03-cv-00394-DFL-PAN (E.D. Cal. Aug. 13, 2004).

complaint is filed, under imminent danger of serious physical injury.

### III. Conclusion

Because it appears that the Plaintiff has on three or more prior occasions brought civil actions that have been dismissed as frivolous or for failure to state a claim, the Court HEREBY ORDERS:

1. Plaintiff SHALL SHOW CAUSE within thirty (30) days of the date of service of this order why the abovementioned actions do not count as "strikes" under 28 U.S.C. § 1915(g) and why the action should not be dismissed without prejudice to allow Plaintiff to refile with the submission of the $350.00 filing fee.

IT IS SO ORDERED.

Dated:   August 3, 2011

UNITED STATES MAGISTRATE JUDGE

4