# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP | CASE NO: 1:09-cv-00412-GBC (PC) |
| Plaintiff, | ORDER REVOKING IFP STATUS PURSUANT SECTION 1915(g) |
| v. | (Doc. 5) |
| ARLITZ, et al., | |
| Defendants. | |

**I.     Procedural History**

Plaintiff Eric Charles Rodney K'napp, a state prisoner proceeding pro se and in forma pauperis ("IFP"), filed this civil rights action pursuant to 42 U.S.C. § 1983 and California tort law on March 2, 2009. On March ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983. On May March 6, 2009, the Court granted Plaintiff's motion to proceed IFP. (Doc. 5). On August 4, 2011, the Court issued an order to show cause as to why Plaintiff's IFP status should not be revoked pursuant to 28 U.S.C. 1915(g). (Doc. 20). On August 30, 2011, Plaintiff filed a response. (Doc. 21).

**II.     Three Strikes**

**A.     Plaintiff's Response to the Order to Show Cause**

In his response to the Court's order to show cause, Plaintiff presents several arguments as to why the above cases should not count as strikes. (Doc. 21). Plaintiff first argues that the Court "improperly cites prior dismissals without providing any records or other evidence establishing

precisely why they occurred." (Doc. 21 at 1).  The Court may take judicial notice of District Court records.  *Boag v. MacDougall*, 454 U.S. 364, 367. (1982) (citing to *Wells v. United States*, 318 U.S. 257, 260 (1943)).  The Court is unaware of any authority which mandates that the Court must provide Plaintiff with copies of the records that are subject to judicial notice.[1]

Secondly, Plaintiff implies that the Court did not conduct a careful examination of the order dismissing an action, and other relevant information, pursuant to *Andrews v. King*, 398 F.3d 1113, 1121 in its determination of strikes.  (Doc. 21 at 1).  However, Plaintiff also argues that the Court "improperly took judicial notice of opinioned [sic] findings in extrinsic proceedings that are subject to reasonable dispute so not admissible as proof of fact here." (Doc. 21 at 2).  Plaintiff appears to argue that the Court's review of the underlying reasons for the dismissals which are counted as strikes are the same as taking judicial notice of disputed facts.  (Doc. 21 at 2).  It is true that the Court may not take judicial notice of a disputed fact.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.2001).  However, in this instance, the Court is taking judicial notice of district court dismissal orders and carefully examining the underlying reasons for dismissal to determine as a matter of law, whether the dismissals were for being frivolous, malicious, or failing to state a claim.

Third, Plaintiff argues that the Court erroneously determined when Plaintiff's action was filed. The Court finds that Plaintiff's action was originally filed March 2, 2009.  Plaintiff asserts that Plaintiff brought this claim on November 22, 2006, when he brought *K'napp v. Adams, et al.*, 1:06-cv-01701 which is currently pending.  If it is true that Plaintiff believes that this action involves the came claims as in 1:06-cv-01701, then this action would need to be dismissed as duplicative.  *See Adams v. California Dept. of Health Services*, 487 F.3d 684, 689 (9th Cir. 2007).  Upon review of the claims in both actions, although both action involve repetitious incognizable claims on behalf

---

[1] It appears that Plaintiff believes that Federal Rules of Evidence 201(d) apply in instances where parties request judicial notice and must supply necessary information to the Court in order for the Court to make a determination on the motion, however, that does not necessitate that the Court must provide copies of documents to the parties when taking judicial notice sua sponte.  *See* Fed. R. Evid. 201.  Additionally, Plaintiff may believe that the Court must provide documents since in *Andrews v. King* the Ninth Circuit states that when the docket entries are insufficient to demonstrate trhat a prior dismissal counts as a strike ". . . the defendants must produce court records or other documentation that will allow the district court to determine that a prior case was dismissed because it was 'frivolous, malicious or fail[ed] to state a claim.'" *Andrews v. King*, 398 F.3d 1113, 1120.  However, as with Rule 201, *Andrews v. King* is articulating the burden that the defendants must meet and does not suggest that the Court must provide copies to Plaintiff.  *See Andrews v. King*, 398 F.3d 1113, 1120.

1  of his mother, the Court finds that both actions involve different claims involving different
2  defendants and stemming from conduct which occurred at different times. *Compare K'napp v.*
3  *Adams, et al.*, 1:06-cv-01701 *with Knapp v. Arlitz, et al.*, 1:09-cv-00412.

4  Next, Plaintiff argues that two of the cases cannot be strikes because the appeals were not
5  resolved until after this action was filed. This contention is without merit. A pending appeal may
6  stay a determination of whether a dismissed action counts as a strike since there is a possibility that
7  the dismissal may be reversed. *See Adepegba v. Hammons*. 103 F.3d 383, 387-88 (5th Cir. 1996).
8  However, once the original judgment is affirmed, the underlying dismissal is considered dismissed
9  and final on the date of the original order, otherwise, Plaintiff's interpretation conflicts with the plain
10 language of § 1915(g) which allows for both dismissals of an action and dismissals of appeals to
11 count as strikes. *See* 28 U.S.C. § 1915(g); *see also Weil v. Investment/Indicators, Research and*
12 *Management, Inc.*, 647 F.2d 18, 26 (9th Cir. 1981) ("Dismissal of an action with prejudice is a final
13 judgment.").

14 Finally, Plaintiff argues that the Court's determination of what counts as a strike, only
15 dismissals where the dismissing opinion explicitly states verbatim "frivolous," "malicious," or
16 "failure to state a claim." (Doc. 21 at 6). This strict interpretation contradicts Ninth Circuit
17 precedent which clearly allows Courts to look at the substance of the dismissal order and has
18 recognized instances where cases can count as strikes without the underlying dismissal order stating
19 verbatim "frivolous," "malicious," or "failure to state a claim." *See Andrews v. King*, 398 F.3d 1113,
20 1121 (9th Cir. 2005); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (A prisoner's
21 claims are considered frivolous if it "merely repeats pending or previously litigated claims.")

22      **B.   Analysis of Three Strikes**

23 After evaluating Plaintiff's arguments and reviewing the record of actions filed by Plaintiff
24 in the United States District Court, the Court still finds that Plaintiff has filed three or more actions
25 that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be
26 granted and Plaintiff became subject to section 1915(g) well before Plaintiff filed this action on
27 March 2, 2009. Section 1915 of Title 28 of the United States Code governs proceedings in forma
28 pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[2] Determining whether Plaintiff's actions count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

Plaintiff demonstrates an abusive pattern of disregarding court instruction regarding complying with Rule 8 and Rule 18 of the Federal Rules of Civil Procedure by repeatedly filing actions that repeat long lists of unrelated events which often include conduct which is time-barred, claims on behalf of his mother which Plaintiff has been told in other actions that he cannot bring and long lists of unrelated defendants.[3] After other courts have informed Plaintiff how to comply with Rule 8 of the Federal Rules of Civil Procedure and warned Plaintiff that he cannot bring claims on behalf of his mother, he still persists to violate Rule 8 and bring similar claims on behalf of his mother in the instant case.

---

[2] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

[3] For example in: 1) *Knapp v. Cate*, 1:08-cv-01779-SMS (Doc. 18), (Doc. 22 which ruled that Plaintiff cannot state a claim on his mother's behalf), (Doc. 33, "Despite Plaintiff's long-winded descriptions of his mother's political activities and his own litigation history, Plaintiff provides scant detail for the facts that are directly relevant to his claims. " and "Plaintiff is specially cautioned not to provide long-winded descriptions of his litigation history, his mother's history for advocating on behalf of prisoners, or his experiences at other prisons before he was transferred to SCC." ); 2) *Knapp v. Hickman*, 05-cv-2520-FCD-CMK (Docs. 79, 80, 190, 224), (Doc. 28 stating ". . . while it is laudable that plaintiff's mother started a group devoted to protecting the rights of prisoners, it is not germane to plaintiff's complaint. . . . Plaintiff should exclude from the complaint his editorial comments about the Department of Corrections, descriptions of the philanthropic works of his mother and the word-for-word details of his conversations with various defendants."); 3) *K'napp v. Adams*, 1:06-cv-01701-LJO (Doc. 23, "Plaintiff cannot pursue claims on his mother's behalf."); 4) *Knapp v. Tilton*, 08-cv-00719 (Doc. 3 observing, "Like the complaints filed in his prior federal cases, the Complaint herein sets forth a litany of allegations against numerous prison officials regarding many of the incidents of prison life. . . .In particular, the 57-page Complaint sets forth 23 claims against 68 Defendants."); 5) *K'napp v. Knowles*, 06-cv-00453-GEB (Doc. 14 observing, "Notwithstanding, plaintiff persists in attempting to bring allegations on behalf of "his associates" or on behalf of his mother, even though he was informed that he lacks standing to bring claims on behalf of third parties. . . . Plaintiff complains about a vast litany of discomforts and inconveniences . . . all without providing an adequate factual predicate, and without demonstrating that any of these actions, that is, those for which he might have standing, constitute a constitutional deprivation.").

4

After careful review of the dismissal orders, the Court finds the following cases count as strikes for being malicious, frivolous or for failure to state a claim: 1) *Knapp v. Knowles, et al.*, No. 2:03-cv-00394-DFL-PAN (E.D. Cal. Aug. 13, 2004) (order of dismissal because amended complaint failed to state cognizable claims for relief and for failure to comply with Federal Rule of Civil Procedure 8, and Plaintiff repeatedly disobeyed Court's orders to amend complaint in compliance said rule); 2) *Knapp v. Knowles, et al.*, 2:06-cv-00453-GEB-GGH (E.D. Cal. June 13, 2007) wherein the court noted that Plaintiff provided a detailed list of complaints of conduct that happened since he was incarcerated in 1994 and found that Plaintiff's claims were either frivolous or failed to state cognizable claims under section 1983 and dismissed the action with prejudice for failing to comply with Rule 8 of the Federal Rules of Civil Procedure; and 3) *Knapp v. Harrison*, 2:06-cv-07702-JVS-RC (C.D. Cal September 12, 2008) (dismissal with prejudice for repeated failure to comply with Rule 8, listing 43 causes of action stemming from "every perceived wrong done to him while he was in custody," and Plaintiff repeatedly disobeyed Court's orders to amend complaint in compliance said rule). Given Plaintiff's history of repeated disobedience regarding repeated violation of Rule 8 in different actions which prevents courts from effective screening of complaints, in addition to the instances where the courts found that Plaintiff failed to state a claim, these above cases are also frivolous and malicious.

Generally, a dismissal for failure to prosecute does not fall within the plain language of Section 1915(g). However, a court is to carefully evaluate the substance of the dismissal and where the merits of the claim have been determined to be frivolous or malicious, it may constitute as a strike. *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005); *see also O'Neal v. Price*, 531 F.3d 1146, 1152-53 (9th Cir. 2008) (interpreting the term "dismissed" under section 1915(g) to include when a trial court denies request to file an action without prepayment of the filing fee on the ground that complaint if frivolous and then subsequently terminates the complaint). Moreover, section 1915(e)(2) requires appellate courts to dismiss all frivolous appeals. 28 U.S.C. 1915(e)(2); *see also O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436 (D.C. Cir. 2007). The Court finds that appellate case *K'napp v. Knowles, et al.*, No.

04-16701 (9th Cir. dismissed March 7, 2005)[4] is a frivolous appeal and counts as a strike under Section 1915(g). In *Knowles*, in an order dated January 14, 2005, the appellate court denied Plaintiff's motion to proceed in forma pauperis due to the appellate court's finding that the appeal was frivolous. On March 7, 2005, Plaintiff's appeal was dismissed for failure to prosecute. As the appeal was found to be frivolous and was dismissed, the Court counts *Knowles* as a strike.

The Court concludes that Plaintiff has filed three or more actions that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted and Plaintiff became subject to section 1915(g) well before Plaintiff filed this action on March 2, 2009. Therefore, as the Court finds that Plaintiff was not under imminent danger of physical injury at the time the complaint was filed, Plaintiff must be precluded from proceeding in forma pauperis.

### III. Conclusion and Order

Based on the foregoing, the Court HEREBY ORDERS:

1. To REVOKE Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g);
2. To VACATE the Court's order on March 6, 2009, directing the Director of the California Department of Corrections and Rehabilitation or his designee to deduct the $350.00 filing fee from Plaintiff's trust account whenever the balance exceeds $10.00;
3. That the Clerk of the Court to serve a copy of this order on (1) the Financial Department, U.S. District Court, Eastern District of California, Fresno Division and (2) the Director of the California Department of Corrections and Rehabilitation via the court's electronic case filing system (CM/ECF); and
4. That Plaintiff pay the $350.00 filing fee in full within thirty (30) days or this action would be dismissed, without prejudice.

IT IS SO ORDERED.

Dated:    September 7, 2011

                                   UNITED STATES MAGISTRATE JUDGE

---

[4] Appeal from *Knapp v. Knowles, et al.*, No. 2:03-cv-00394-DFL-PAN (E.D. Cal. Aug. 13, 2004).