**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP | CASE NO: 1:09-cv-00412-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (Doc. 28) |
| ARLITZ, et al., | |
| Defendants. / | |

**I.   Plaintiff's Motion for Reconsideration**

   A.   <u>Procedural History</u>

   Plaintiff Eric Charles Rodney K'napp, a state prisoner proceeding pro se and in forma pauperis ("IFP"), filed this civil rights action pursuant to 42 U.S.C. § 1983 and California tort law on March 2, 2009. (Doc 1). On September 7, 2011, the Court revoked Plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g). (Doc. 22). On September 22, 2011, Plaintiff filed a notice of appeal. (Doc. 23). On October 13, 2011, Plaintiff filed a motion for reconsideration based on a recent Ninth Circuit opinion, *Silva v. Di Vittorio*, --- F.3d ----, 2011 WL 4436248 (9th Cir. 2011), addressing a similar issue of the operative date to count dismissals as "strikes" under 28 U.S.C. § 1915(g). (Doc. 28).

   B.   Standards for Reconsideration

   Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on

1

1   grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse
2   party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ.
3   P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not
4   more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

5   Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin
6   Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983)
7   (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce
8   the court to reverse its prior decision. *See e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634
9   F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514
10  (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988). The Ninth Circuit has stated that "[c]lause
11  60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" *Corex Corp. v.
12  United States*, 638 F.2d 119 (9th Cir. 1981); *accord  LaFarge Conseils et Etudes, S.A. v. Kaiser
13  Cement*, 791 F.2d 1334, 1338 (9th Cir. 1986). Accordingly, "the clause is reserved for
14  'extraordinary circumstances.'" *Id*. When filing a motion for reconsideration, Local Rule 230(j)(3)
15  & (4) requires a party to show the "new or different facts or circumstances are claimed to exist which
16  did not exist for the motion; and . . . why the facts or circumstances were not shown at the time of
17  the prior motion."

18  In light of the recent Ninth Circuit opinion, the Court will address the implications of *Silva
19  v. Di Vittorio* since it may present a question of superceding law. Upon review of *Silva v. Di
20  Vittorio*, the Court finds that the Court's order filed on September 7, 2011, revoking Plaintiff's IFP
21  status does not contradict the ruling in *Silva v. Di Vittorio*. Similarly as the Ninth Circuit, this Court
22  in its order revoking IFP status filed on September 7, 2011, agreed with *Adepegba v. Hammons*, 103
23  F.3d 383 (5th Cir.1996), in that a court cannot conclude whether a trial level dismissal counts as a
24  strike until resolution of the appeal. (*See* Doc. 22 at 3). The Court finds that the Ninth Circuit's
25  agreement with *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 440 (D.C. Cir. 2007), does
26  not contradict the Court's revocation of Plaintiff's IFP status. *See Silva v. Di Vittorio*, 2011 WL
27  4436248 *5. In *Silva v. Di Vittorio*, the Ninth Circuit concluded that '[d]ismissals do not count as
28  strikes until an appeal has been either waived or resolved.' *Silva v. Di Vittorio*, 2011 WL 4436248

1  *5 (quoting *Thompson*, 492 F.3d at 440).  In this instance the Court did not count Plaintiff's
2  dismissal as a strike until after the appellate court affirmed the dismissal.
3        Plaintiff contends that *Knapp v. Knowles, et al.*, 2:06-cv-00453-GEB-GGH (E.D. Cal. June
4  13, 2007) was not final until the appeal resolved.  In the appellate case *Knapp v. Knowles, et al.*,
5  07-16225 (9th Cir. 2008), the dismissal order was affirmed on September 26, 2008, and pursuant to
6  its order on January 23, 2009, the Ninth Circuit's order affirming the decision took effect on January
7  23, 2009.  Even assuming the latter date of January 23, 2009, was the determining date to count the
8  underlying dismissal as a strike, that date is still prior to when Plaintiff filed this instant action on
9  March 2, 2009.  Therefore, there are still three strikes that would count against Plaintiff, even
10 assuming that Plaintiff were correct.
11       Plaintiff also contends that the fourth strike,  *Knapp v. Harrison*, 2:06-cv-07702-JVS-RC
12 (C.D. Cal September 12, 2008), was not final until the appeal resolved.  In the appellate case *Knapp*
13 *v. Harrison*, 08-56629 (9th Cir. 2009), the dismissal order was affirmed on March 5, 2009 and the
14 decision took effect on March 5, 2009, three days after Plaintiff filed this present action.  However,
15 only after the appellate court affirmed the dismissal did the Court revoke Plaintiff's IFP status
16 pursuant to § 1915(g) on September 7, 2011.  The Court finds that the underlying purpose of the
17 decision in *Silva v. Di Vittorio*, is to preserve the appellate power to reverse underlying judgements
18 and to prevent litigants from having strikes count against them in the event that the underlying third
19 strike dismissal is reversed.  *See Silva v. Di Vittorio*, 2011 WL 4436248 at *5 ('[a] contrary rule
20 would, within those narrow set of cases in which the third strike is appealed, effectively eliminate
21 our appellate function.' quoting *Thompson*, 492 F.3d at 440).  The Court finds that where the
22 appellate court has affirmed an underlying third strike dismissal after the date of filing the
23 subsequent action but affirming a dismissal which occurred before the date of filing the subsequent
24 action, revoking IFP status after the appellate affirmation date is consistent with *Silva v. Di Vittorio*,
25 2011 WL 4436248 at *5.
26 ///
27 ///
28 ///

Having carefully reviewed Plaintiff's arguments and the implications of *Silva v. Di Vittorio* in this present action, the Court finds that its order to revoke Plaintiff's IFP status is supported by the record and by proper analysis. Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (Doc. 28), filed October 13, 2011, is DENIED.

IT IS SO ORDERED.

Dated:   October 19, 2011

UNITED STATES MAGISTRATE JUDGE