UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARLITZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:09-cv-00412-SAB (PC)<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE THIRD AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS IDENTIFIED HEREIN<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff Eric Charles Rodney K'Napp is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Now pending before the Court is Plaintiff's second amended complaint, filed June 25, 2014.

## I.

## SCREENING REQUIREMENT

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

　　　　A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On August 23, 2005, Plaintiff was transferred to Pleasant Valley State Prison (PVSP), by Defendant Hickman.  Plaintiff remained at PVSP for less than two months, and the events at issue in the complaint took place during that time frame at PVSP.

Upon Plaintiff's arrival at PVSP on August 23, 2005, Defendants Hickman, Woodford, Tilton, Yates, and Arlitz, by and through their agents and employees Defendants Collins, Delk, Grannis, Negrete, Parks, and Shannon had Plaintiff's personal property seized, stolen, discarded or otherwise taken away without any compensation.

Beginning on August 23, 2005, Defendants Hickman, Woodford, Tilton, Yates, Doe, and Arlitz by and through their agents and employees Hitchcock, Marks, Murphy, Nelson, Parks, Prince, and Shannon completely deprived and denied Plaintiff of his doctor-prescribed psychiatric medication for more than 12 consecutive days while locked inside a windowless cell for 24 hours a day.

Beginning on or around September 4, 2005, Defendants Hickman, Woodford, Tilton, Yates, Doe, and Arlitz by and through their agents and employees Defendants Hitchcock, Marks, Murphy, Parks, and Shannon caused and/or allowed Plaintiff to suffer by having his permanent prison medical records fraudulently altered to suggest that he did not suffer the serious medical conditions that numbers prison doctors previously determined.

Beginning on or around September 8, 2005, Defendants Hickman, Woodford, Tilton, Yates, and Arlitz personally and by and through their agents and employees Defendants Fisher, Grannis, Parks, Prince, and Shannon caused and/or allowed Plaintiff to suffer by being verbally, mentally, sexually, and physically attacked by Defendant Prince.

Beginning on or around September 27, 2005, Defendants Hickman, Woodford, Tilton, Yates, Doe, and Arlitz, personally and by and through their agents and employees Defendants Grannis, Nelson, Parks, Prince, Puig, and Shannon transferred Plaintiff more than 250 miles away from Sacramento to a third different prison in only a seven-month period of time.

Each of the Defendants engaged in a conspiracy to deprive Plaintiff of his rights and privileges under the United States Constitution.

## III.

## DISCUSSION

**A.     Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class.  Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

///

///

It appears that Plaintiff contends he was denied equal protection of the law based on his membership in a class of one who vigorously advocates for enforcement of his constitutional rights by filing inmate grievances, staff complaints, lawsuits, etc.

Plaintiff fails to state a cognizable claim against any Defendants. Plaintiff has not alleged sufficient facts which indicate that Defendants treated him differently on basis of being a member in a protected class, or that similarly situated individuals were treated differently. The Court will allow Plaintiff an opportunity to amend this claim. To the extent Plaintiff elects to pursue a claim of violation of his right to equal protection, he must allege facts of Defendants' intentional discrimination against him based on his membership in a constitutionally protected class, or that similarly situated individuals were intentionally treated differently (disparately) without a rational relationship to a legitimate state purpose. Accordingly, Plaintiff fails to state a cognizable claim for relief.

**B.     Retaliation**

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Based on Plaintiff's allegations in the second amended complaint that Defendants Hickman and Grannis "fostered, maintained, sanctioned, ratified, and/or otherwise approved a system-wide custom, policy, and practice of causing and allowing CDCR official, employees, and agents to subject [Plaintiff] to a relentless campaign of retaliation" which consisted of callous and reckless disregard for his serious medical conditions, interference with mailing, obstruction of inmate appeals and access to courts, destruction of personal property, among others things, because of Plaintiff's exercise of his right to file grievances and/or staff complaints, Plaintiff states a cognizable claim for retaliation

against Defendants Hickman and Grannis.  However, Plaintiff fails to state a cognizable claim for retaliation against any other named Defendant.  Plaintiff fails to allege facts to demonstrate that any of the other named Defendants knew of any grievances and/or complaints.  Plaintiff merely alleges that certain other Defendants "had reason to become, became, and/or reasonably should have become personally made aware of the many years of protected conduct by Plaintiff and his mother prior to 8/23/05."  (2nd Amd. Compl. at 7 ¶ 21(c).)  It is not clear whether which, if any, of the other named Defendants had actual knowledge of the grievances and complaints such that it was the "but for" cause of the alleged retaliatory actions.  Accordingly, Plaintiff states a cognizable claim for retaliation against Defendants Hickman and Grannis only.

### C. Cruel and Unusual Punishment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir.

2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff alleges that Defendants Arltiz, Doe, Fisher, Grannis, Hickman, Hitchcock, Marks, Murphy, Nelson, Parks, Prince, Puig, Shannon, Tilton, Woodford, and Yates inflicted cruel and unusual punishment on him by failing to accommodate his serious medical condition as documented in his prison file. Plaintiff alleges that he suffers from Post-Traumatic Stress Disorder (PTSD) which limits his ability to fall asleep, be unclothed or in any stage of undress to bathe, use the toilet, physically or mentally relax, and feel reasonably safe and secure within his designated living space.

Even if it is assumed that PTSD constitutes a sufficiently serious medical condition to warrant medical attention, Plaintiff fails to state a cognizable claim for deliberate indifference. Plaintiff alleges no facts to support a finding that each of the named Defendants were aware of his medical needs and acted with deliberate indifference in denying treatment. Although Plaintiff contends his prison file contained medical opinion regarding his treatment, he alleges no facts and fails to link each Defendant to act or omission to support a finding of deliberate indifference. A conclusory statement that each defendant was "deliberately indifferent" is insufficient. Iqbal, 556 U.S. at 678. Accordingly,

6

1  Plaintiff fails to state a cognizable claim for deliberate indifference in violation of the Eighth
2  Amendment.

### D. Personal Property

Plaintiff challenges the destruction of his personal property.  Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-436 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

California law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-817 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  State v. Superior Court, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff alleges that Defendants willfully confiscated and destroyed his personal property in direct violation of his constitutional rights is an allegation of an intentional and unauthorized deprivation.  Therefore, Plaintiff's remedy would be found under California law.  Plaintiff fails to show compliance with the California Tort Claims Act, and therefore his property claim is not cognizable under federal or state law.  Accordingly, Plaintiff fails to state a cognizable claim for relief.
///

### E.     Inmate Appeals Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Plaintiff raises several contentions regarding the handling, processing, and/or denying of his inmate grievances.  As just stated, the failure to grant an inmate's appeal in the prison administrative appeal system does not amount to a due process violation, and Plaintiff has not federal constitutional right to a properly functioning appeal system.  Therefore, an incorrect decision on an administrative appeal or failure to process an appeal in a particular way does not amount to a violation of his right to due process.  Accordingly, Plaintiff fails to state a due process claim based on the inmate appeals process.

### F.     Conspiracy

To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights.  Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001).

Plaintiff alleges conspiracy, but Plaintiff does not make any specific allegations regarding the conspiracy or the parties of the conspiracy.  Therefore, his allegation is conclusory and there are no specific facts supporting the existence of a conspiracy.  Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001).  As such a bare allegations that Defendants were engaged in a conspiracy to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under § 1983.  Accordingly, Plaintiff fails to state a cognizable claim of conspiracy.

///

///

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendants Hickman and Grannis for retaliation in violation of the First Amendment. Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim for retaliation against Defendants Hickman and Grannis, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and Defendants, and will forward Plaintiff two (2) summons and two (2) USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, <u>not to exceed 25 pages in limit or it will be stricken from the record</u>, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Hickman and Grannis for retaliation; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **July 12, 2014**

UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28