UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARLITZ, et al.,<br><br>　　　　　Defendants. | Case No.: 1:09-cv-00412-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S NOTICE OF INTENT TO FILE APPEAL, DIRECTING CLERK OF COURT TO PROCESS APPEAL TO THE NINTH CIRCUIT COURT OF APPEALS, AND DIRECTING PLAINTIFF TO FILE FOURTH AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>[ECF Nos. 43, 45] |

　　　　Plaintiff Eric Charles Rodney K'Napp is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on March 23, 2009.  Local Rule 302.

　　　　Now pending before the Court is Plaintiff's notice to inform the Chief District Judge of his intent to file an appeal to the Ninth Circuit Court of Appeals and not file a fourth amended complaint in this action.  (ECF No. 45.)

　　　　On September 16, 2014, the undersigned dismissed Plaintiff's third amended complaint with leave to amend for failure to state a cognizable claim for relief.  (ECF No. 42.)

　　　　On October 8, 2014, Plaintiff filed a motion for reconsideration.  (ECF No. 43.)  On October 14, 2014, the undersigned denied Plaintiff's motion for reconsideration.  (ECF No. 44.)

　　　　In his present motion, Plaintiff contends that in his October 8, 2014, motion he presented the following to the Court: (a) notification of his desire to appeal the magistrate judge's dismissal of his

third amended complaint; (b) notification of his intent not to file a fourth amended complaint; and (c) request to "make an appealable further determination regarding the magistrate judge's dismissal of his third amended complaint." (ECF No. 45, Mot., at 2.)

Plaintiff further contends that the Court's October 14, 2014, order denying his prior motion for reconsideration failed to address: (a) his notice of desire to appeal the dismissal of his third amended complaint; (b) his notice of intent not to file a fourth amended complaint; (c) an appealable determination regarding the dismissal of his third amended complaint; and (d) withdrawal of consent to magistrate judge jurisdiction. (Id.)

Plaintiff is advised that the Court specifically addressed and denied his request to withdraw his consent in the order issued October 14, 2014. Indeed, the Court stated,

> In this instance, Plaintiff unambiguously consented to the jurisdiction of "a United States Magistrate Judge" by selecting the "consent" box on the court-provided form. Wilhelm v. Rotman, 680 F.3d at 1118. The form advised Plaintiff that "[w]ithout the written consent of the parties presently appearing pursuant to 28 U.S.C. [§] 636(c), a magistrate judge cannot conduct all proceedings and enter judgment in this case with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed. If a party declines to consent and the case is assigned to a district judge, the assigned magistrate judge shall continue to perform all duties as required by Eastern District Local Rule 72-302." (ECF No. 6.) Plaintiff checked the box "consent" and signed and dated the form which specifically stated "[t]he undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case." (Id.) Thus, Plaintiff knowingly and voluntarily consented to jurisdiction of a United States Magistrate Judge. Wilhelm v. Rotman, 680 F.3d at 1118-1119. Plaintiff's continued disagreement with the Court's screening order provides no basis for the withdrawal of his earlier consent, and this case will remain assigned to the undersigned Magistrate Judge.

(ECF No. 44, Order at 2:2-16.) Because Plaintiff consented to magistrate judge jurisdiction and has provided no basis to withdraw such consent, there is likewise no basis for intervention by the Chief District Judge of this Court. Although the Court did not address Plaintiff's intent not to file a fourth amended complaint, but instead appeal the Court's September 16, 2014, order, the Court will direct the Clerk of Court to process the appeal to the Ninth Circuit Court of Appeals.[1] However, because this

---

[1] Although the filing of a notice of appeal generally divests a district court of jurisdiction to determine the "substantial rights" at issue in an action during the pendency of the appeal, Pyrodyne Corp. v. Pyrotronics Corp., 847 F.2d 1398, 1403

Court is not divested of jurisdiction by Plaintiff's filing of a notice of appeal, Plaintiff is not relieved of the pending deadline to file a fourth amended complaint or suffer dismissal of the action for failure to comply with a court order.  (ECF No. 42.)  In the interest of justice, the Court will grant Plaintiff thirty (30) days to file a fourth amended complaint or the action will be dismissed for failure to comply with a court order.

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. Plaintiff's request for intervention by the Chief District Judge is DENIED;
2. The Clerk of Court is directed to process Plaintiff's notice of appeal, filed October 8, 2014 (ECF No. 43), to the United States Court of Appeals for the Ninth Circuit; and
3. Within **thirty (30)** days from Plaintiff shall file a fourth amended complaint or the action will be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated:   **November 14, 2014**

UNITED STATES MAGISTRATE JUDGE

---

(9th Cir. 1988), an exception to this rule exists where a deficiency in the notice of appeal "is clear to the district court," Ruby v. Secretary of the United States Navy, 365 F.2d 385, 389 (9th Cir. 1966).  In such a case the district court may proceed with the case "knowing that it has not been deprived of jurisdiction."  Ruby, 365 F.2d at 389.  Because it is clear that no appeal lies from the Court's dismissal of a complaint with leave to amend, the Court retains jurisdiction over this action.  Therefore this action shall proceed in spite of the filing of Notice of Appeal.