UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARLITZ, et al.,<br><br>　　　　Defendants. | Case No.: 1:09-cv-00412-SAB (PC)<br><br>ORDER DISMISSING FOURTH AMENDED COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>[ECF No. 50] |

Plaintiff Eric Charles Rodney K'Napp is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on March 23, 2009. Local Rule 302.

Now pending before the Court is Plaintiff's fourth amended complaint, filed December 18, 2014. (ECF No. 50.)

On September 16, 2014, the Court screened and dismissed Plaintiff's third amended complaint with leave to amend. (ECF No. 42.) Plaintiff appealed the September 16, 2014, order to the United States Court of Appeals and the appeal was dismissed for lack of jurisdiction. (ECF No. 49.)

Because Plaintiff's fourth amended complaint is a verbatim copy of his prior third amended complaint, the complaint must be dismissed for failure to state a cognizable claim for relief, with prejudice and without leave to amend.

**I.**

1

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require" detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are" merely consistent with "a defendant's liability . . ." stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.**

**COMPLAINT ALLEGATIONS**

Throughout the first ten years and five months of Plaintiff's confinement within the California Department of Corrections and Rehabilitation (CDCR), numerous doctors at multiple prisons independently and consistently verified that Plaintiff suffers from chronic Post-Traumatic Stress

2

1  Disorder, anxiety, and depression.  Plaintiff was prescribed psychiatric medication to be taken on a
2  daily basis and it was ordered that he be housed in a single cell.  During this time period, Plaintiff and
3  his mother availed themselves of speech to report and address unlawful events taking place with the
4  CDCR.
5        On August 23, 2005, Defendant Hickman caused Plaintiff to be transferred to Pleasant Valley
6  State Prison (PVSP).  Beginning on August 23, 2004, Defendants Collins, Delk, Grannis, Hickman,
7  Negrete, Parks, Shannon, Tilton, Woodford, and Yates caused and allowed Plaintiff to be and remain
8  deprived of personal property belonging to him.  Also, on August 23, 2005, Defendants Arlitz, Does 1
9  and 2, Hickman, Hitchcock, Parks, Prince, Shannon, Tilton, Woodford, and Yates caused and allowed
10 Plaintiff to remain completely deprived of and denied doctor-prescribed psychiatric medication until
11 September 4, 2005, while he was locked inside a windowless cell twenty-four hours a day with no
12 outdoor exercise, telephone access, visitation with loved ones, religious services, sunlight, fresh air, or
13 view of the outdoor until September 8, 2005.
14       Beginning on August 28, 2005, Defendants Grannis, Hickman, Parks, Shannon, Tilton,
15 Woodford, and Yates caused and allowed Plaintiff's inmate appeal regarding the above events and
16 omission to be and remain obstructed.
17       Beginning on August 31, 2005, Defendants Hickman, Parks, Shannon, Tilton, Woodford, and
18 Yates caused and allowed Plaintiff's emergency inmate appeal regarding the above events and
19 omissions to be obstructed.
20       On September 4, 2005, Defendants Arlitz, Doe 2, Hickman, Hitchcock, Marks, Murphy, Parks,
21 Prince, Shannon, Tilton, Woodford, and Yates caused and allowed Plaintiff's permanent prison
22 medical records to be falsified to fraudulently reflect a mental condition that Plaintiff did not actually
23 suffer.
24       Beginning on September 5, 2005, Defendants Hickman, Parks, Shannon, Tilton, Woodford,
25 and Yates caused and allowed Plaintiff's emergency inmate appeal regarding the above events and
26 omission to be obstructed.
27       On September 8, 2005, Defendants Arlitz, Doe 2, Fisher, Grannis, Hickman, Hitchcock,
28 Marks, Murphy, Parks, Prince, Shannon, Tilton, Woodford, and Yates caused and allowed Plaintiff to

be and remain serious and irreparably injured and harmed as a result of being mentally, verbally, physically, and sexually attacked by Defendant Prince.

On September 13, 2005, Defendants Fisher, Grannis, Hickman, Parks, Shannon, Tilton, Woodford, and Yates caused and allowed Plaintiff's inmate appeal regarding the above events and omission to be and remain obstructed.

On September 27, 2005, Defendants Arlitz, Hickman, Nelson, Prince, Puig, Tilton, Woodford, and Yates caused and allowed Plaintiff to be and remain subjected to a third inter-prison transfer in only seven months, to a prison located more than 250 miles away from Sacramento.

On October 23, 2005, Defendants Grannis, Hickman, Parks, Shannon, Tilton, Woodford, and Yates caused and allowed Plaintiff's inmate appeal regarding the above events and omission to be and remain obstructed.

## III.

## DISCUSSION

### A.  Supervisory Liability

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Moss v. U.S. Secret Service, 711 F.3d 941, 967-68 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff contends that Defendants Hickman, Tilton, Woodford, and Yates intentionally and negligently: failed to enforce the laws of the United States and California Constitutions; failed to take adequate precautions in the hiring, retention, and promotion of the Defendants who were subordinate to them at all times relevant to this action; failed to appoint, promote, train, and supervise CDCR officials, employees, and agents who would respect and enforce the Constitutions and laws of the United States and State of California; failed to adequately supervise, train, discipline, and control, the defendants who were subordinate to them; failed to establish and ensure the proper functioning of a meaningful and bona fide system for CDCR prisoners to report, complain about, and obtain administrative redress of law and rights violations committed against them by CDCR officials, employees, and agents; failed to report complaints of violations committed by CDCR officials, employees, and agents; failed to forward to the United States Department of Justice or California Attorney General evidence of CDCR officials, employees, and agents violations of prisoner's rights; failed to prohibit CDCR officials, employees, and agents from engaging in a custom, policy, and practice of retaliating against Plaintiff for his and his mother's protected conduct; turned a blind eye and deaf ear to the alleged violations; and issued, ratified, approved, implemented, administered, and otherwise caused or allowed the existence and continuation of vague, confusing, contradictory, and otherwise questionable customs, policies, practices, and procedures that conflict with Amendments I, IV, VIII, IX, and XIV of the United States Constitution.

Plaintiff fails to state a cognizable claim for supervisory liability by the failure to protect him from alleged violations. Plaintiff fails to allege facts to support the inference that any of the alleged supervisors took culpable actions-or inaction-in the training, supervision, or control of his subordinates or engaged in conduct that showed a reckless or callous indifference to the rights of others. Plaintiff fails to allege any actions taken by the named supervisors which could be construed as amounting to a custom, policy, or practice of violating Plaintiff's constitutional rights. Thus, Plaintiff has done nothing more than simply regurgitate the applicable standard, and there are no facts to plausibly support a claim of supervisory liability. Accordingly, Plaintiff fails to state a cognizable claim based on supervisory liability.

///

**B.    Equal Protection**

Plaintiff presents six counts of alleged violations of the Equal Protection Clause. In count one, Plaintiff contends that Defendants Collins, Delk, Grannis, Hickman, Negrete, Parks, Shannon, Tilton, Woodford, and Yates deprived Plaintiff of his personal property in violation of Plaintiff's rights to equal protection of the laws. In count two, Plaintiff contends Defendants Arlitz, Does 1 and 2, Hickman, Hitchcock, Parks, Prince, Shannon, Tilton, Woodford, and Yates caused and denied Plaintiff's doctor prescribed psychiatric medication from August 23, 2005 to September 4, 2005, while he was locked in a windowless cell 24 hours a day with no outdoor exercise, telephone access, visitation with loved ones, religious services, sunlight, fresh air, or a view of the outdoors. In count three, Plaintiff alleges that Defendants Arlitz, Doe 2, Hickman, Hitchcock, Marks, Murphy, Parks, Prince, Shannon, Tilton, Woodford, and Yates caused and allowed Plaintiff's medical records to be falsified to fraudulently reflect a mental condition that Plaintiff did not actually suffer. In count four, Plaintiff alleges that Defendant Arlitz, Doe 2, Fisher, Grannis, Hickman, Hitchcock, Marks, Murphy, Parks, Prince, Shannon, Tilton, Woodford, and Yates, caused and allowed Plaintiff to be and remain seriously and irreparably injured and harmed as a result of being mentally, verbally, physically, and sexually attacked by Defendant Prince. In count five, Plaintiff alleges that Defendants Arlitz, Hickman, Nelson, Prince, Puig, Tilton, Woodford, and Yates caused and allowed Plaintiff to be subjected to a third inter-prison transfer in seven months, to a prison located more than 250 miles away from Sacramento. In count six, Plaintiff contends that Defendants Fisher, Grannis, Hickman, Parks, Shannon, Tilton, Woodford, and Yates caused and allowed Plaintiff's inmate appeal regarding this incident to be obstructed.

Plaintiff fails to state an equal protection claim. Plaintiff has not alleged sufficient facts which indicate that Defendants treated him differently on the basis of being a member in a protected class, or that similarly situated individuals were treated differently. Accordingly, Plaintiff fails to state a cognizable claim for relief.

**C.    Retaliation**

In count one, Plaintiff contends that Defendants Collins, Delk, Grannis, Hickman, Negrete, Parks, Shannon, Tilton, Woodford, and Yates, deprived Plaintiff of his personal property in retaliation

1 for protected conduct by the First Amendment.  In count two, Plaintiff contends that Defendants
2 Arlitz, Does One and Two, Hickman, Hitchcock, Parks, Prince, Shannon, Tilton, Woodford, and
3 Yates, deprived and/or denied Plaintiff of his doctor prescribed psychiatric medication from August
4 23, 2005 to September 4, 2005, while he was locked inside a windowless cell 24 hours a day with no
5 outdoor exercise, telephone access, visitation with loved ones, religious services, sunlight, fresh air, or
6 a view of the outdoors from August 23, 2005 to September 8, 2005.  In count three, Plaintiff contends
7 Defendants Arlitz, Doe 2, Hickman, Hitchcock, Marks, Murphy, Parks, Prince, Shannon, Tilton,
8 Woodford, and Yates caused and/or allowed Plaintiff's medical records to be falsified to fraudulently
9 reflect a mental condition that Plaintiff did not actually suffer in retaliation for protected conduct
10 under the First Amendment.  In count four, Plaintiff contends Defendants Arlitz, Doe 2, Fisher,
11 Grannis, Hickman, Hitchcok, Marks, Murphy, Parks, Prince, Shannon, Tilton, Woodford, and Yates,
12 caused and/or allowed Plaintiff to remain seriously and irreparably injured and harmed as a result of
13 being mentally, verbally, physically, and sexually attacked by Defendant Prince in retaliation in
14 violation of the First Amendment.  In count five, Plaintiff contends that Defendants Arlitz, Hickman,
15 Nelson, Prince, Puig, Tilton, Woodford, and Yates caused and/or allowed Plaintiff to be and remain
16 subjected to a third inter-prison in seven months, to a prison located more than 250 miles away from
17 Sacramento in retaliation.  In count six, Defendants Fisher, Grannis, Hickman, Parks, Shannon, Tilton,
18 Woodford, and Yates, caused and/or allowed Plaintiff's inmate grievance regarding the alleged
19 misconduct.

20 "Prisoners have a First Amendment right to file grievances against prison officials and to be
21 free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing
22 Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  Also protected by the First Amendment is the
23 right to pursue civil rights litigation in federal court without retaliation.  Silva v. Di Vittorio, 658 F.3d
24 1090, 1104 (9th Cir. 2011).  "Within the prison context, a viable claim of First Amendment retaliation
25 entails five basic elements: (1) An assertion that a state actor took some adverse action against an
26 inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the
27 inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a
28 legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

7

Plaintiff fails to state a cognizable claim for retaliation.  Plaintiff fails to allege sufficient factual support that any adverse action was *because of* Plaintiff's exercise of his First Amendment rights and/or that the action did not reasonably advance a legitimate correctional goal.  As to causation, Plaintiff's conclusory allegation that "Defendants had reason and the means to become, and became, personally made aware of the past and recent protected conduct by Plaintiff and his mother prior to acting as described[,]" is insufficient factual support to give rise to a claim for retaliation.  Accordingly, Plaintiff fails to state a cognizable claim for retaliation.

### D.     Cruel and Unusual Punishment

In count one, Plaintiff contends that Defendants Collins, Delk, Grannis, Hickman, Negrete, Parks, Shannon, Tilton, Woodford, and Yates, deprived Plaintiff of his personal property in violation of his right to be free of cruel and unusual punishment.  In count two, Plaintiff contends that Defendants Arlitz, Does One and Two, Hickman, Hitchcock, Parks, Prince, Shannon, Tilton, Woodford, and Yates, deprived and/or denied Plaintiff of his doctor prescribed psychiatric medication from August 23, 2005 to September 4, 2005, while he was locked inside a windowless cell 24 hours a day with no outdoor exercise, telephone access, visitation with loved ones, religious services, sunlight, fresh air, or a view of the outdoors from August 23, 2005 to September 8, 2005.  In count three, Plaintiff contends Defendants Arlitz, Doe 2, Hickman, Hitchcock, Marks, Murphy, Parks, Prince, Shannon, Tilton, Woodford, and Yates caused and/or allowed Plaintiff's medical records to be falsified to fraudulently reflect a mental condition that Plaintiff did not actually suffer in violation of his right to be free of cruel and unusual punishment.  In count four, Plaintiff contends Defendants Arlitz, Doe 2, Fisher, Grannis, Hickman, Hitchcok, Marks, Murphy, Parks, Prince, Shannon, Tilton, Woodford, and Yates, caused and/or allowed Plaintiff to remain seriously and irreparably injured and harmed as a result of being mentally, verbally, physically, and sexually attacked by Defendant Prince.  In count five, Plaintiff contends that Defendants Arlitz, Hickman, Nelson, Prince, Puig, Tilton, Woodford, and Yates caused and/or allowed Plaintiff to be and remain subjected to a third inter-prison in seven months, to a prison located more than 250 miles away from Sacramento.  In count six, Defendants Fisher, Grannis, Hickman, Parks, Shannon, Tilton, Woodford, and Yates, caused and/or allowed Plaintiff's inmate grievance regarding the alleged misconduct.

1    The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners
2 not only from inhumane methods of punishment but also from inhumane conditions of confinement.
3 Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825,
4 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted).  While
5 conditions of confinement may be, and often are, restrictive and harsh, they must not involve the
6 wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347)
7 (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or
8 contrary to evolving standards of decency that mark the progress of a maturing society violate the
9 Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v.
10 Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.
11    Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,
12 clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.
13 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in
14 prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To
15 maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately
16 indifferent to a substantial risk of harm to his health or safety.  Farmer, 511 U.S. at 847; Thomas v.
17 Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir.
18 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th
19 Cir. 1998).
20    While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical
21 care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to
22 an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled
23 in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v.
24 Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).
25 Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition
26 could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that
27 "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing
28 Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act

1  or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the
2  indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind
3  is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d
4  at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

The Court finds that Plaintiff's allegations fail to give rise to a cognizable claim for cruel and unusual punishment in violation of the Eighth Amendment based on his conditions of confinement upon his transfer to PVSP. Plaintiff's temporary denial of outdoor exercise, from August 23, 2005 to September 4, 2005, and denial of other privileges, such as telephone, visitation, religious services, fresh air and sunlight, from August 23, 2005, to September 8, 2005, does not give to a constitutional violation under the Eighth Amendment, particularly given the lack of medical effects. See, e.g., May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (temporary deprivation of 21 days without outdoor exercise with no medical effects not a substantial deprivation); Hayward v. Procunier, 629 F.2d 599, 603 (9th Cir. 1980) (30-day emergency lockdown period was an unusual circumstance justifying denial of outdoor exercise).

Although Plaintiff contends that false and fraudulent information was placed in his file reflecting a mental condition for which he does not suffer, the false reports themselves do not subject Plaintiff to any substantial risk of serious harm that would constitute cruel and unusual punishment. Nor does Plaintiff provide any factual basis, whatsoever, to support his claim that he was mentally, verbally, physically, and sexually attacked by Defendant Prince. See Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126 (9th Cir. 1989) (vague and conclusory allegations with no supporting factual averments are insufficient to support a claim under § 1983). Accordingly, Plaintiff fails to state a cognizable claim for relief.

**E.     Due Process**

Plaintiff challenges the destruction of his personal property. Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-436 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional

10

deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

Plaintiff allegation that Defendants deprived and/or denied his property in direct violation of his constitutional rights is an allegation of an intentional and unauthorized deprivation. Therefore, Plaintiff's remedy would be found under California law. Furthermore, in the event that the deprivation was authorized and therefore actionable under section 1983, Plaintiff has not alleged any facts suggesting he was deprived of due process. Accordingly, Plaintiff fails to state a cognizable claim for relief.

### F. Inmate Grievances

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not have a protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Plaintiff raises several contentions regarding the handling, processing, and/or denying of his inmate grievances. As just stated, the failure to grant an inmate's appeal in the prison administrative appeal system does not amount to a due process violation, and Plaintiff has no federal constitutional right to a properly functioning appeal system. Therefore, an incorrect decision on an administrative appeal or failure to process an appeal in a particular way does not amount to a violation of his right to due process. Accordingly, Plaintiff fails to state a due process claim based on the inmate appeals process.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff was previously given leave to amend on three separate occasions, further leave to amend would be futile. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203

11

1  F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, this action is HEREBY DISMISSED, with prejudice,
2  for failure to state a claim, and the Clerk of the Court shall enter judgment.

5  IT IS SO ORDERED.

6  Dated:   **February 6, 2015**

                                                UNITED STATES MAGISTRATE JUDGE